**Sai Fang WENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 04–1330–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 12, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina; Jennifer Aldrich, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED, that the petition for review is DENIED.

Petitioner Sai Fang Weng, a citizen of the People's Republic of China, petitions for review of an order of the BIA affirming a decision of an immigration judge ("IJ") rejecting the petitioner's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"[W]here the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly." *Xue Hong Yang v. United States DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary.

*See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004).

The petitioner sought asylum by claiming that she was forced to have an abortion when she was nine months pregnant. The IJ doubted the petitioner's credibility primarily because of serious inconsistencies both within her testimony and between her testimony and her husband's asylum application. These related to whether, at the time she left China, the petitioner had only one child or, in addition, had adopted a child. On direct examination, she repeatedly denied that she and her husband had adopted a child and said she did not recognize the name Ye Xin. However, when confronted with her husband's asylum application, which stated that they had adopted a child named Ye Xin, she said this was so. That application provided considerable detail: petitioner and her husband found the child in a basket while going home one evening; a note pinned to the newborn stated the infant's date of birth and asked that someone take her home. When asked why she had denied the adoption, the petitioner answered, "[W]hen a child is mentioned, because I had a child that was aborted, so when a child is mentioned, I felt very upset."

The IJ, acknowledging that this was a "vexatious case" and recognized that he had to determine whether the inconsistency was tangential or significant. He concluded that it was significant and "essential to the core assertion of this application" for the following reasons:

> After all, it is the [applicant]'s contention that she deserves the benefit of political asylum because she and her husband were persecuted pursuant to the family planning policy. The issue of pregnancy, the issue of children, the issue of a desire to have children without the interference of the state is the basis of this claim. It is for that reason that the Court cannot ignore the inconsistency that exists in this case that tears at the heart of it.

The IJ explicitly considered the petitioner's explanation for the inconsistency and said that he "finds it wanting." He concluded, "[S]ince the issue of children is so central to this application, I have to conclude that the inconsistency overwhelms all other aspects of consistency in this case."

Although reasonable minds might differ on whether a blatant inconsistency concerning whether the petitioner adopted a child should undermine her credibility, we cannot say that the IJ's finding was unreasonable. Ultimately, he is the judge of credibility, and we are not. Our task is to determine if an adverse decision is supported by substantial evidence and free of significant legal error. We cannot conclude that the IJ or the BIA was not entitled to deny the application.

The adverse credibility finding with respect to petitioner's asylum claim necessarily precludes her claim for withholding of removal, *see Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Finally, the petitioner has abandoned any challenge to the IJ's denial of her claim for withholding of removal under CAT and its implementing regulations, *see* 8 C.F.R. § 208.16(E) (2001), by failing to discuss this claim in her brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is DENIED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request

for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).